**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 30 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 05-30360 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-01-00128-a-JWS/JD |
| v. | |
| KIRK GRABLE, | MEMORANDUM* |
| Defendant - Appellant. | |

RECEIVED

OCT 23 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 27, 2006
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

Kirk Grable was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and of possession of a machine gun, in violation of 18 U.S.C. § 922(o), after several firearms were found in the bedroom

---

    *    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

of his then-girlfriend, Matrona Nevzuroff ("Matrona"), on March 10, 2001. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The district court did not abuse its discretion when it admitted under Federal Rules of Evidence 403 and 404(b) two prior acts in 1996 and 1997 in which Grable stored firearms at the Nevzuroff family trailer. Evidence of the two incidents was proper under *United States v. Murillo*, 255 F.3d 1169 (9th Cir. 2001), which articulates a four-part test the district court must use to determine the admissibility of other acts evidence. *Id.* at 1175. The government provided sufficient evidence that Grable committed the conduct constituting both incidents. The evidence was directly material to whether Grable had control over weapons found at the Nevzuroff home, and whether Matrona assisted Grable in hiding weapons in her bedroom. The incidents were not too remote in time, and were substantially similar to the conduct that led to this conviction. Additionally, the evidence's probative value was not outweighed by the danger of unfair prejudice to the defendant.

The district court also did not abuse its discretion when it admitted testimony about Grable's contentious and controlling relationship with Matrona and her family, nor when it denied Grable's motion for mistrial following the admission of this testimony. This was not improper character evidence under Rule

404(a), but was admitted to counter Grable's defense, laid out in his trial brief and opening statement, that (1) Matrona or one of her family members owned the weapons found in Matrona's bedroom, and (2) Grable had no control over or access to the Nevzuroff home. Questions of credibility were resolved adversely to Grable and the dissent's view of the facts. Because a jury convicted the defendant, we must view the evidence in the light most favorable to the prosecution. *United States v. Iverson*, 162 F.3d 1015, 1018 (9th Cir. 1998). The evidence was sufficient to support the theory that Grable's control over Matrona induced her to render criminal assistance to him.

Nor did the district court abuse its discretion in denying Grable's motion for mistrial after Matrona made an inadvertent reference during her testimony to illegal controlled substances found in her bedroom on March 10, 2001. The district court is in the best position to determine whether an incident merits a mistrial, *United States v. Gardner*, 611 F.2d 770, 777 (9th Cir. 1980), and here the district court determined that the inadmissible evidence was insubstantial in relation to the admissible evidence presented during trial. Matrona's passing reference to drugs was harmless error, and mistrial was not warranted where the improper evidence was unsolicited, minimal, and not unfairly prejudicial. *See United States v. Aichele*, 941 F.2d 761, 765 (9th Cir. 1991) ("If the case against a

defendant is very strong, though not overwhelming, and the reviewing court is unconvinced that the admission of the evidence influenced the outcome of the case, the court may uphold the verdict.").

      AFFIRMED.

FILED

AUG 30 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

*United States v. Grable*, 05-30360

BERZON, Circuit Judge, dissenting:

I respectfully dissent. I do not believe that the evidence regarding Kirk Grable's character should have been admitted in his trial.

(1) Grable first challenges evidence of a prior bad act, discharging a firearm outside his girlfriend's family's trailer. The police were summoned, but before they arrived, Grable's girlfriend Matrona asked him to pass the firearm through the window so she could hide it in her bedroom. Grable challenges the admission of this evidence under Federal Rule of Evidence 404(b).

Under Rule 404(b), a prior bad act is admissible if relevant to prove the defendant's modus operandi. Matrona testified that she had no role in hiding the guns underlying the current conviction, other than ignoring one she encountered. The 404(b) evidence therefore shows a different modus operandi than the one the government alleged at trial with regard to the crime of conviction. No other basis for admitting this evidence has been suggested. The evidence was therefore inadmissible.[1]

(2) Grable's second objection is to evidence of another prior bad act,

---

[1] This evidence is certainly *probative*, as it shows Grable had guns in the past. Such evidence, however, is propensity evidence, precisely what is excluded by Rule 404(b).

1

involving Matrona's father finding a backpack with a gun inside it in the trailer. The only suggestion that this gun was Grable's was the father's suspicion that it was. Such suspicion is not sufficient under Rule 404(b) to "support a finding that [Grable] committed the other act." *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004). So this evidence is also inadmissible.

(3) Finally I address the most prejudicial evidence: Matrona testified *at length* about Grable's generally bad character. The evidence was not in rebuttal to any evidence of Grable's good character offered by Grable, although Grable eventually offered testimony that Matrona voluntarily signed an affidavit claiming that the guns were hers. The prosecution, in its opening statement, was the first to discuss the affidavit at trial. Grable's brother's testimony about the affidavit was not offered until *after* the prosecution's case-in-chief, in which Matrona testified about the affidavit *and* about Grable's control and abuse of her over several years, in great detail. *See United States v. Lim*, 984 F.3d 331, 335 (9th Cir. 1993) (not permitting the prosecution to anticipate a defense by introducing evidence that is only admissible as rebuttal evidence).

Under Federal Rule of Evidence 404(a),[2] evidence of a defendant's bad

---

[2]In pertinent part, Rule 404(a) reads:

Character Evidence Generally.—Evidence of a person's character or a

2

character may not be introduced by the prosecution unless the defendant has put it in issue. A defendant's mere denial of guilt is not evidence of good character subject to bad character rebuttal. *See United States v. Gillespie*, 852 F.2d 475, 479 (9th Cir. 1988). The government could not open the door for *itself* by anticipating Grable's proffer of evidence that Matrona signed a misleading affidavit—an affidavit, it appears, Grable never offered to introduce into evidence—and then rebut its own proffer with evidence, now claimed to be relevant, of *why* Matrona would sign the affidavit. By upholding the district court's admission of this evidence, the majority has permitted the government to circumvent the Federal Rules of Evidence.

Additionally, the evidence was simply not relevant. The evidence would only have been relevant if Matrona had testified that she hid the guns for Grable, because then it would show how his dominance of her caused the guns to be stored there. On the theory that he simply smuggled the guns into the trailer and hid them himself, which is the only story consistent with Matrona's testimony

> trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except: (1) Character of Accused.—Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution.

regarding her knowledge of the guns, then it is *not* relevant that he treated her poorly, abused her, or controlled her in various ways. For the purpose of the prosecution's actual theory, evidence concerning the existence of this relationship with Matrona and the fact that he spent many, many hours in that room and kept personal things there would have sufficed. This irrelevant evidence prejudiced the jury and convinced it that Grable is the type of person who would break the law.

Finally, the government argues that any error in admitting this prejudicial evidence was harmless because the evidence against Grable was strong. The court may only conclude that an error was harmless if it is "more probable than not that the erroneous admission of the evidence did not affect the jury's verdict." *United States v. Hill*, 953 F.2d 452, 458 (9th Cir.1991). Although the evidence against Grable was strong, it was not overwhelming; at least one other family member had been seen bringing guns into the trailer. Matrona's testimony was highly inflammatory. I do not believe it certain that the jury would have convicted Grable without this testimony. I therefore dissent.